# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Century Indemnity Company

### DEFENDANTS
Banco De Seguros Del Estado

**(b)** County of Residence of First Listed Plaintiff: **Philadelphia**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Uruguay**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cohn Baughman
533 Fellowship Road, Suite 120

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [x] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Breach of reinsurance contracts; declaratory judgment

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: June 5, 2024

SIGNATURE OF ATTORNEY OF RECORD: /s/ Emmett E. McGowan, III

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**Cohn Baughman**
Emmett E. McGowan, III
PA Attorney I.D. 209545
533 Fellowship Road, Suite 120
Mt. Laurel NJ 08054
Telephone: 856-380-8905
emmett.mcgowan@mclolaw.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTURY INDEMNITY COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 24-2768 |
| v. | ) |
| | ) Judge: |
| | ) |
| BANCO DE SEGUROS DEL ESTADO, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America ("Century"), by and through its undersigned attorneys, hereby files this Complaint against Defendant Banco de Seguros del Estado ("Banco"), and in support thereof, avers as follows:

### NATURE OF THE ACTION AND THE PARTIES

1. Century is successor in interest to CCI Insurance Company, as successor to Insurance Company of North America ("INA"). Century is organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. At the time of the transactions that are the subject of this Complaint, INA was also organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

2. Banco is a statutory corporation wholly owned by the Country of Uruguay, with a principal place of business in Uruguay.

3. Century brings this action to enforce six reinsurance agreements and recover $99,276.69 owed to Century (hereinafter the "Outstanding Balances"). Banco agreed to provide reinsurance to cover liabilities arising out of insurance policy number LAB 016297, which was underwritten by INA and issued to General Dynamics Corp. ("General Dynamics"). The six reinsurance agreements cover two layers of the policy over three time periods.

4. Despite numerous inquiries, Banco has reserved rights and not made payment to Century on the Outstanding Balances.

5. Banco's inability to meet its responsibilities regarding the Outstanding Balances plainly contradicts its contractual obligations to Century.

## **VENUE AND JURISDICTION**

6. This Court has jurisdiction over the parties and subject matter.

7. This Court has personal jurisdiction over Banco pursuant to the Pennsylvania Long Arm Statute, 42 Pa.C.S. § 5322, as it transacted business within the Commonwealth of Pennsylvania by entering into six reinsurance agreements with Pennsylvania-located INA. The underlying insurance policy, LAB 016297, was also issued from Philadelphia, Pennsylvania.

8. Diversity of citizenship exists as provided in 28 U.S.C. § 1332, and the amount in controversy exceeds the sum specified in 28 U.S.C. § 1332. This Court has jurisdiction to grant declaratory relief as provided in 28 U.S.C. §§ 2201-2202.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because the transactions giving rise to the claims occurred in substantial part within Philadelphia County, and because both parties conducted business within the Eastern District of Pennsylvania. Additionally, Banco's

agents have been handling this specific reinsurance claim through correspondence with Century personnel based in Philadelphia, Pennsylvania.

10. Additionally, all six certificates contain a Service of Suit provision that requires Banco to submit to any United States court selected by Century and to accept service. The provision specifically states:

SERVICE OF SUIT CLAUSE (U.S.A.)

It is agreed that in the event of the failure of Reinsurers hereon to pay any amount claimed to be due hereunder, Reinsurers hereon, at the request of the reinsured, will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon Messrs. Mendes & Mount, 27, William Street, NEW YORK, and that in any suit instituted against any one of them upon this contract, Reinsurers will abide by the final decision of such Court or of any Appellate Court in the event of an appeal.

The above-named are authorised and directed to accept service of process on behalf of Reinsurers in any such suit and/or upon the request of the reinsured to give a written undertaking to the reinsured that they will enter a general appearance upon Reinsurers' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provisions therefor, Reinsurers hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the reinsured or any beneficiary hereunder arising out of this contract of reinsurance, and hereby designate the above-named as the person to whom the said officer is authorised to mail such process or a true copy hereof.

## UNDERLYING INSURANCE POLICY AND CLAIMS

11. INA issued policy number LAB 016297 to insure General Dynamics, with a policy period of 4/1/73-5/1/75. Both Banco and Century are in possession of a copy of LAB 016297.

12. General Dynamics has faced many claims over the years, certain of which allegedly implicated LAB 016297. Among them were three claims: (1) General Dynamics asbestos products

and premises claims; (2) environmental claims arising out of a New Jersey site; and (3) an environmental property damage claim, and related environmental "drinking water" claims, arising from the Lake St. Mary site in Florida.

13. Century has made payments to General Dynamics under LAB 016297 in connection with the three categories of claims referenced above.

## BANCO IGNORES ITS OBLIGATIONS TO CENTURY

14. Banco reinsured LAB 016297 with six reinsurance agreements, spread across two layers and three time periods. Both Banco and Century are in possession of the cover notes for all six agreements. Over the years, Banco recognized its obligations to Century as reinsurer and reimbursed at least three prior claims submitted by Century.

15. The pertinent information for the agreements is as follows:

| Agreement | Period | Layer | Banco Participation |
|---|---|---|---|
| U18906 A/B | 4/1/73-4/1/74 | First | 4.88% |
| U18907 A/B | 4/1/73-4/1/74 | Second | 4.38% |
| U19292 A/B | 4/1/74-4/1/75 | First | 5.06% |
| U19293 A/B | 4/1/74-4/1/75 | Second | 4.48% |
| U19720 A/B | 4/1/75-5/1/75 | First | 5.56% |
| U19721 A/B | 4/1/75-5/1/75 | Second | 5.00% |

16. Pursuant to these six reinsurance agreements, Century sought reimbursement from Banco for amounts Century paid on behalf of General Dynamics under LAB 016927.

17. Instead of paying these claims, Banco reserved rights on the claims and, as of the filing of this Complaint, has not made payment to Century respecting the Outstanding Balances.

18. Additionally, Banco has recently taken the position it is not a party to U18907 A/B, U19293 A/B, or U19721 A/B.

19. Banco takes this position on U18907 A/B, U19293 A/B, and U19721 A/B despite

being provided the cover notes for those agreements.

## COUNT I: BREACH OF CONTRACT

20. Century incorporates the above paragraphs by reference as if set forth in their entirety.

21. All six reinsurance agreements are valid contracts between Banco and Century in which Banco agreed to reimburse Century for payments made under the underlying policy.

22. Century complied with all of its obligations under the agreements.

23. Despite agreeing to reinsure the General Dynamics policy under the six reinsurance agreements, Banco now breaches its agreements by not making payment to Century.

24. Banco further breaches U18907 A/B, U19293 A/B, and U19721 A/B by asserting that it is not a party to those contracts.

25. Century suffered damages, plus interest, due to Banco not making payment.

WHEREFORE, Plaintiff Century Indemnity Company demands judgment in its favor and against Defendant Banco in an amount in excess of $99,276.69, together with pre-judgment interest accruing as of a date to be determined, post-judgment interest, reasonable attorney's fees, costs of this suit and such other relief as this Court may find just and appropriate.

## COUNT II: DECLARATORY JUDGMENT

26. Century incorporates the above paragraphs by reference as if set forth in their entirety.

27. An actual and justiciable controversy has arisen between Century and Banco as to Banco's obligation to make payments due and owing to Century under the six reinsurance agreements.

28. Century and Banco are parties to the six reinsurance agreements and Century has complied with all of its obligations under the six reinsurance agreements.

29. In response to a billing submitted by Century, Banco reserved rights and has not made payment in accordance with its obligations under the six reinsurance agreements.

30. Banco has also stated it is not a party to U18907 A/B, U19293 A/B, and U19721 A/B.

31. Banco's failure to abide by its obligations creates an actual, substantial and justiciable controversy which exists between Century and Banco and a judicial declaration is necessary and appropriate so that the parties may ascertain their respective rights and duties.

WHEREFORE, Plaintiff Century Indemnity Company prays for a judicial declaration from this Court that the six reinsurance agreements are bona fide contractual agreements between Century and Banco and that their terms are binding upon Banco.

Dated: June 25, 2024                    Respectfully submitted,

*Emmett McGowan*

_____
**Cohn Baughman**
Emmett E. McGowan, III
PA Attorney I.D. 209545
533 Fellowship Road, Suite 120
Mt. Laurel NJ 08054
Telephone: (856) 380-8905
emmett.mcgowan@mclolaw.com

Christopher P. Hemphill
(*pro hac vice* to be filed)
Robin C. Dusek
(*pro hac vice* to be filed)
Cohn Baughman
525 West Monroe Street, Suite 1500
Chicago, IL 60661
Mobile: (708) 602-5118 (preferred)
Office: (312) 753-6616
christopher.hemphill@mclolaw.com

*Attorneys for Plaintiff Century Indemnity Company*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____Philadelphia , PA_____

Address of Defendant: _____

Place of Accident, Incident or Transaction: ___Philadelphia, PA_____

---

*RELATED CASE IF ANY:*
Case Number:_____ Judge:_____ Date Terminated_____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?　　Yes ☐　No ☐
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?　　Yes ☐　No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?　　Yes ☐　No ☐
4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?　　Yes ☐　No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☑ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____ *Emmett McGowan* _____　　209545 _____
　　　　　　　　　　　*Attorney-at-Law (Must sign above)*　　　*Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

A. *Federal Question Cases:*
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☐ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. All Other Federal Question Cases. *(Please specify)*:_____

B. *Diversity Jurisdiction Cases:*
☑ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)*:_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, ___Emmett E. McGowan_____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: ___6/25/2024_____　___*Emmett McGowan*_____　　209545 _____
　　　　　　　　　　　　　　*Attorney-at-Law (Sign here if applicable)*　*Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.